UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

GREGORY DEAN GOCHIE,               :
      Petitioner,                    :
                                      :
      v.                             :        File No. 1:10-cr-68-jgm
                                        :
UNITED STATES OF AMERICA,      :
      Respondent.                  :
_____ :

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE
(Doc. 46)

Defendant Gregory Dean Gochie, a federal inmate proceeding pro se, moves under

18 U.S.C. § 3582 to correct or modify his sentence. (Doc. 46.) The government opposes the

motion. (Doc. 48.) Gochie requests the Court revisit his sentence calculation.

On October 7, 2010, Gochie pled guilty to failing to register and to update his registration as

a sex offender in violation of 18 U.S.C. § 2250(a). A sentencing hearing was held over two days in

July 2011. After hearing testimony, the Court found Gochie committed a sexual offense while not

registered as a sex offender which resulted in an enhancement to his sentence. See Dkt. Entry Nos.

37-38. Gochie was sentenced to a term of imprisonment of 51 months to be followed by ten years

of supervised release. (Doc. 41.) Gochie did not appeal his conviction or sentence.

Gochie now moves the Court to vacate his sentence and resentence him to a reduced term of

imprisonment based on the March 23, 2012 dismissal of a sexual assault case that had been pending

against him in Vermont Superior Court. (Doc. 46 at 2.)

Modification of a prison sentence is permitted "in only three specific circumstances," United

States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001), none of which apply here. First a

sentence may be modified when "such a modification is permitted by Rule 35 of the Federal Rules

of Criminal Procedure or another statute." Id. (citing 18 U.S.C. § 3582(c)(1)(B)). Second, it may be

modified when there has been an amendment to a relevant provision of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2). Third, a sentence may be modified upon motion of the Director of the Bureau of Prisons, if the court finds that "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(I).

Gochie does not reference Rule 35 and is not bringing the motion under 28 U.S.C. § 2255. See Doc. 46-1. He references "an amended guideline range" but his argument misconstrues the statute, which requires the Sentencing Commission to have lowered the relevant sentencing range. Lastly, a reduction under § 3582(c)(1)(A), addressing "extraordinary and compelling reasons" for a reduction, is available only "upon motion of the Director of the Bureau of Prisons." § 3582(c)(1)(A). Accordingly, Gochie's motion under § 3582 fails.

Even if Gochie's request to reduce his motion was properly before the Court, it would be denied. The dismissal of the state court action has no bearing on Gochie's sentence. The Court heard testimony sufficient to conclude by a preponderance of the evidence that Gochie did commit a sex offense while he was not registered. That conclusion alone supports the guideline enhancement. See United States v. Romeo, 385 F. App'x 45, 49 (2010).

For the reasons stated above, Defendant Gochie's motion to correct or modify his sentence (Doc. 46) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of August, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge